[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] STIPULATION RE: PARTIAL PROPERTY DIVISION
CT Page 6765
In an effort to preserve their assets, the parties hereby stipulate that:
A. Real Property Division:
1. Commencing on April 16, 1999, the Wife shall have exclusive possession of the real property located at 8 Ivanhoe Lane, Westport, Connecticut.
2. On or before April 16, 1999, the Husband shall execute and deliver to Attorney Gina A. Pasquini, as Trustee for the Wife, a Quit Claim Deed and a state conveyance tax form transferring all of his right, title and interest in the real property located at 8 Ivanhoe Lane, Westport, Connecticut to the Wife. On or before April 19th, 1999. Attorney Gina A. Pasquini shall file that Quit Claim Deed on the Westport Land Records.
3. The Wife shall immediately list said real property for sale at a listing price of $489,000.00. The Wife shall choose the listing broker and determine the reduction(s) in listing price(s) and a sales price(s). For the first Ninety (90) days that the real property is listed for sale, the Wife shall not accept a Gross Sales Price of less than Four Hundred Sixty Thousand ($460,000.00) Dollars and after the first Ninety (90) days, she shall not accept a Gross Sales Price of less than Four Hundred Fifty Thousand ($450,000.00) Dollars unless an order is issued by the Superior Court at Stamford to allow her to do so. The Superior Court at Stamford shall reserve decision over the issue of the Wife accepting a Gross Sales Price of less than Four Hundred Fifty Thousand ($450,000.00) Dollars for the sale of the real property located at 8 Ivanhoe Lane, Westport, Connecticut.
4. a. From the Gross Proceeds of Sale of the real property located at 8 Ivanhoe Lane, Westport, Connecticut, the following shall be deducted:
i. The then remaining principal balance on the first mortgage held in favor of Countrywide Home Mortgage;
ii. The then remaining balance on the home equity line of credit held in favor of First Union Mortgage Corporation;
iii. Customary broker's commission;
iv. Customary attorney's fees in connection with the CT Page 6766 sale of said real estate;
v. State and local conveyance taxes; and
vi. Customary adjustments for taxes, fuel, oil and other assessments, which shall be paid to the Wife.
b. Should the Gross Proceeds of Sale be greater than $415,000.00, then the Husband shall be entitled to the difference between the Gross Proceeds of Sale and $415,000.00, less the customary broker's commission and the state and local conveyance taxes attributable to that difference. For example: If the Gross Proceeds of Sale equal $450,000.00, then the difference between $450,000.00 and $415,000.00, equals $35,000.00. From $35,000.00 shall be deducted $1,963.50, which represents $1,750.00 for a 5% broker's commission on $35,000.00, $175.00 for the state conveyance taxes and $38.50 for the local conveyance taxes. Thus, the Husband would receive the sum of $33,036.50.
c. All other net proceeds of sale shall be paid to the Wife.
5. On or before April 2, 1999, the Husband paid the Wife the sum of Ten Thousand ($10,000.00) Dollars which was to be applied towards the monthly principal and interest payments, late charges and penalties for the February, March and April 1999 first mortgage and home equity line of credit that encumbers said real property.
6. The Superior Court at Stamford shall reserve jurisdiction over the terms of payment and the indemnification and hold harmless terms of the first mortgage and home equity line of credit for the following periods: from March 1, 1998 through January 31, 1999 and from May 1, 1999 until the date of closing from the sale of the real property located at 8 Ivanhoe Lane, Westport, Connecticut.
B. Partial Property Division:
1. The Husband shall retain the MONY Securities Rollover IRA Account No. 045-310262, the Best of America IRA Account No. 01-3088251 and the American Funds IRA, free from any claim of the Wife.
C. 1997 Income Tax Returns:
CT Page 6767
1. The Wife shall cooperate with the Husband in amending his or her respective Federal, state and local income tax returns for the year 1997 from a separate, but married filing status to a joint filing status. The Husband shall be responsible for any payment(s) owed and the parties shall equally divide any refunds which may result from the Amended Joint Federal, state and local income tax returns for 1997. However, at the time the Husband delivers to the Wife the amended Federal, state and local income tax returns that he has executed, he shall also deliver to the Wife the aforementioned certified check(s) and/or bank check made out to the appropriate taxing authorities for all payments owed on those returns for taxes, assessments, penalties and interest. The Wife shall not execute and/or mail the applicable income tax returns unless the certified checks are simultaneously tendered to her by the Husband.
2. The Husband agrees to indemnify and save the Wife harmless from any liabilities for taxes, assessments, penalties, or interest which may result from any joint Federal, state or local income tax returns filed or to be filed by the Husband and the Wife and the Husband shall pay for the defense against any such claims.
3. If there is a deficiency assessment in connection with any joint tax returns, the party receiving the notice shall immediately forward a copy to the other party. The Husband shall pay the amount(s) ultimately determined to be due, together with interest and penalties, and any and all expenses that may be incurred incident or relating to the assessment. If a tax lien is filed or has been filed against the Wife's property, the Husband shall immediately furnish a surety bond in a principal sum sufficient or take any other steps reasonably necessary to obtain release of the lien.
D. MISCELLANEOUS PROVISIONS:
1. The Superior Court at Stamford shall enter the terms and conditions of this Stipulation as a partial property division when final judgment is entered in this dissolution of marriage action.
2. The Superior Court at Stamford shall reserve jurisdiction over custody, visitation, alimony pendente lite and permanent, child support pendente lite and permanent, health and CT Page 6768 life insurance, the division of the parties' other assets and personal property, the allocation for the payment of the parties' liabilities and income tax provisions for all years other than 1997.
IN WITNESS WHEREOF, the parties hereto have hereunto set their respective hands and seals the day and year first above written.
________________ _________________ Gina A. Pasquini Lynne Albahari
________________
________________ _________________ David Albahari ________________
STATE OF CONNECTICUT)) ss. Westport COUNTY OF FAIRFIELD )
On this the 13th day of May, 1999, before me, Gina A. Pasquini, the undersigned officer, personally appeared Lynne Albahari, known to me to be the person whose name is subscribed to the within instrument and acknowledged that she has executed the same for the purposes therein contained.
IN WITNESS WHEREOF I hereunto set my hand.
Gina A. Pasquini Commissioner of Superior Court
STATE OF GEORGIA)) ss. COUNTY OF COBB )
On this the 19th day of April, 1999, before me, the undersigned notary public, personally appeared David Albahari, known to me to be the person whose name is subscribed to the within instrument and acknowledged that he has executed the same for the purposes therein contained.
IN WITNESS WHEREOF I hereunto set my hand. _______________________ CT Page 6769 Notary Public
My Commission expires: 9/8/01
 EXHIBIT B